1  GARY D. FRIEDMAN (*pro hac vice*)
   gary.friedman@weil.com
2  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
3  New York, NY 10153
   Telephone: (212) 310-8963
4  Facsimile:  (212) 310-8007

5  PATRICIA H. BENSON (SBN 60565)
   phb@msk.com
6  ALLEN J. GROSS (SBN 141082)
   ajg@msk.com
7  KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
8  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
10 Facsimile:  (310) 312-3100

11 Attorneys for Defendant
   GATE GOURMET, INC.
12
   SCOTT B. COOPER (SBN 174520)
13 scott@cooper-firm.com
   THE COOPER LAW FIRM, P.C.
14 2030 Main Street, Suite 1300
   Irvine, CA 92614
15 Telephone: (949) 724-9200
   Facsimile:  (949) 724-9255
16
   Attorneys for Plaintiffs ALFREDO MELENDEZ
17 and JOSEFINA GONZALEZ

18                UNITED STATES DISTRICT COURT

19                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO MELENDEZ, an individual and on behalf of all others similarly situated, JOSEFINA GONZALEZ, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GATE GOURMET, INC. a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.  CV-07-2305 FMC (CWx)<br>[Related to Case No. CV-07-3879 FMC (CWx)]<br><br>The Honorable Carla Woehrle<br><br>**REVISED STIPULATED PROTECTIVE ORDER**<br><br>Courtroom: 640 |

Certain information relevant to this litigation may be produced to opposing parties, non-parties and third parties pursuant to this Order.

**I.   Confidential Information**

In providing or revealing discovery materials, or any other materials produced in this action, any Party, non-party or third party may designate as "CONFIDENTIAL" the whole or any part of such material which the Designating Party believes in good faith constitutes trade secrets, know-how, proprietary data, design and manufacturing information, private, personal information, and/or marketing, contract, financial, negotiated or similarly commercially sensitive business information or data which the Designating Party either maintains in confidence or as to which the unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

**II.   Designation of Confidential Information**

If a Party to this proceeding or a non-party or third party determines that any of its documents or things or responses produced in the course of this proceeding should be designated as provided in paragraph 1 as constituting Confidential Information, the Party, non-party or third party shall advise the parties of this fact, and all copies of such documents or things or responses or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" and treated as confidential. Each page of a "CONFIDENTIAL" multi-page document shall be marked "CONFIDENTIAL."  In the event the Party, non-party or third party claims in good faith that disclosure of the information to one or more Parties would result in competitive injury, compromise a privacy right, or otherwise compromise airline security (whether or not such information constitutes Secret Security Information ("SSI") (as defined in 49 C.F.R. § 1520.5 and discussed below)), the Party or third

party may mark such documents, things, or testimony as "CONFIDENTIAL ATTORNEYS' EYES ONLY."

### III. Use of Confidential Information or Confidential Attorneys' Eyes Only Information

All Confidential Information or Confidential Attorneys' Eyes Only Information designated or marked as provided herein shall be used only for the purpose of preparing for, or the prosecution, defense or settlement of this proceeding (including appeals and retrials). Any use or disclosure of such documents, materials or information for any other purpose is a direct violation of this Order.

### IV. Use of Confidential Information or Confidential Attorneys' Eyes Only Information in Depositions

Any Party shall have the right to use Confidential Information or Confidential Attorneys' Eyes Only Information at or for the purpose of taking depositions. At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," or whenever counsel for a Party deems that a question or the answer to a question may result in the disclosure of confidential information, or whenever counsel for a Party deems that a question or the answer to a question has resulted in the disclosure of confidential information, the deposition (or portions thereof) may be designated by the affected Party as containing Confidential Information or Confidential Attorneys' Eyes Only Information subject to the provisions of this Order. When such designation has been made, the testimony only shall be disclosed to those individuals specified herein. Counsel for the person whose confidential information is involved also may request that all persons other than the videographer, reporter, counsel, and those individuals specified herein,

1  leave the deposition room during the confidential portion of the deposition.
2  Counsel must designate portions of a deposition transcript no later than thirty (30)
3  days after receiving the transcript.  Counsel may request that the designated
4  portions of the transcript be separately bound.  During the thirty (30) day period,
5  the entire transcript shall be treated as Confidential Information pursuant to this
6  Order.  After expiration of the thirty (30) day period if: (1) no confidential
7  designations have been made by any Party and (2) no SSI designations have been
8  made by any Party or the Transportation Security Administration's ("TSA") (as
9  described in the next paragraph), the entire transcript shall be considered
10 nonconfidential.
11         Similarly, at any deposition session, whenever counsel for a Party deems that
12 a question or the answer to a question may result in the disclosure of potential SSI
13 or whenever counsel for a Party deems that a question or the answer to a question
14 has resulted in the disclosure of potential SSI, the deposition (or portions thereof)
15 may be designated by the affected Party as containing potential SSI.  Counsel for
16 the person whose confidential information is involved also may request that all
17 persons other than the videographer, reporter, counsel, and those individuals
18 specified herein, leave the deposition room during the portion of the deposition
19 potentially implicating SSI.  Within thirty (30) days after receipt of the deposition
20 transcript, any Party may designate information in a deposition transcript as
21 potential SSI.  After a party has so designated, the Parties will send the designated
22 portions of the transcript to the TSA for its review to determine whether the
23 information is SSI and thus whether it may be produced and/or disclosed in this
24 litigation.  In the event that any material is submitted to the TSA for its review and
25 analysis, all Parties shall treat the submitted material as confidential until the TSA
26 has issued its final determination.
27         This Section IV is subject to any stipulations or modifications by the TSA.
28

3

**V.  Disclosure of Confidential Information**

Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

A.  Counsel of record for the Parties and in-house counsel to the Parties, including associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel who are involved in preparing for, or the prosecution, defense or settlement of this proceeding (including appeals and retrials);

B.  A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this proceeding;

C.  Experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense, or settlement of this proceeding;

D.  The Court (and any appellate court), including court personnel, jurors and alternate jurors;

E.  Court reporter(s) employed in this proceeding; and

F.  Any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Information, person defined in paragraphs C and F shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each Party.

**VI.  Disclosure of Confidential Attorneys' Eyes Only Information**

Confidential Attorneys' Eyes Only Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

A.  Counsel of record for the Parties, including associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel who are

1 involved in preparing for, or the prosecution, defense or settlement of this
2 proceeding (including appeals and retrials);
3    B.   Experts or consultants (together with their staff) retained by such
4 counsel to assist in the prosecution, defense, or settlement of this proceeding;
5    C.   The Court (and any appellate court), including court personnel, jurors
6 and alternate jurors;
7    D.   Court reporter(s) employed in this proceeding; and
8    E.   Any other person as to whom the parties agree in writing.
9    Prior to receiving any Confidential Attorneys' Eyes Only Information,
10 persons defined in paragraphs B and E shall be provided with a copy of this Order
11 and shall execute a nondisclosure agreement in the form of Attachment A, a copy of
12 which shall be provided forthwith to counsel for each Party.

**VII. Filing of Confidential Information or Confidential Attorneys' Eyes Only Information With Court**

Any Confidential Information or Confidential Attorneys' Eyes Only Information which is filed with the Court by any Party, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits, and all other documents which have been designated as containing such confidential information, or any pleading or memorandum reproducing or paraphrasing or containing such information, must comply with the Court's Local Rules concerning the filing of documents under seal.

**VIII. Application to Non-Parties and Third Parties**

This Order shall inure to the benefit of, and be enforceable by, non-parties and third parties with respect to documents and information produced by them in the course of discovery in this action.

5

**IX.    Information Not Confidential**

The restrictions set forth in this Order shall not be construed:

A.    To preclude any Party or its attorneys of record from making use of information which was lawfully in their possession prior to the approval by the Court of this Order; or

B.    To apply to information obtained by a Party from any non-party or third party to this proceeding having the right to disclose such information; or

C.    To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a receiving Party.

**X.    Challenges to Designations**

If, at any time during the preparation for trial or during the trial of this action, counsel for any Party claims that counsel for any other Party, non-party or third party unreasonably has designated certain information as confidential information, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the Objecting Party must make such objection in writing within fifteen (15) business days of receiving notice of the designation, or within fifteen (15) business days of recognition of the alleged necessity of disclosure, whichever occurs last.  Within ten (10) business days of the date of receiving the written objection, the Designating Party must respond to the Objecting Party, in writing, either agreeing to withdraw the designation, or explaining the reasons for retaining the designation.  Thereafter, the Objecting Party must comply with Local Rule 37 and thereafter seek relief from the Court.  Until the Court rules on the merits of any motion, the information designated confidential shall remain confidential.  The prevailing party on a motion challenging designation shall be entitled to an award of attorneys' fees.

**XI.   Use In Court**

In the event that any Confidential Information or Confidential Attorneys' Eyes Only Information is used in any Court proceeding, the information shall not lose its confidential status through such use, and the Party using such information shall take all reasonable steps to maintain its confidentiality during such use.

**XII.  Subsequent Production of Confidential Information or Confidential Attorneys' Eyes Only Information**

Nothing herein shall prevent any person who has received Confidential Information or Confidential Attorneys' Eyes Only Information pursuant to this Order from producing such confidential information in cooperation with law enforcement personnel.  Nothing herein shall prevent any person who has received such confidential information pursuant to this Order from producing such confidential information in response to a lawful subpoena or other compulsory process; provided that any person receiving such subpoena or process shall: (1) as soon as reasonably practical, give notice to the Designating Party by telephone and facsimile and shall furnish the Designating Party with a copy of the subpoena or other compulsory process so as to afford the Designating Party a reasonable opportunity to seek a protective order; and (2) not produce such confidential information prior to receiving a court order or the consent of the Designating Party, if application for a protective order is made by the Designating Party before the return date of the subpoena (or any extended return date).  In the event that the court denies such an application for a protective order and production of such confidential information is made, such information shall continue to be treated as Confidential Information or Confidential Attorneys' Eyes Only Information by all persons subject to this Order unless and until this Court shall otherwise order.

### XIII. Inadvertent Failure To Designate Materials As Confidential

Inadvertent failure to designate materials as confidential information or confidential attorneys' eyes only information at the time of production may be remedied by supplemental written notice given by the designating party. Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any prior treatment of such information in conformance with its original designation (or lack of designation). The party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.

### XIV. No Waiver Regarding Confidential Nature of Information

This Order is entered solely for the purpose of facilitating the exchange of documents and information between or among the Parties, non-parties and third parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or a waiver by any Party or of altering the confidentiality or the non-confidentiality of any such document or information or altering any existing obligation of any Party.

### XV. No Waiver of Privilege

This Order will not prejudice the right of any Party, non-party or third party to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

## XVI. Return or Destruction of Information

Within fifteen (15) days after entry of final judgment including appeals, or of dismissal of this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as Confidential Information or Confidential Attorneys' Eyes Only Information shall be returned to the Designating Party. In lieu of returning such designated materials as provided above, counsel for the receiving Party, non-party or third party may certify in writing to counsel for the Designating Party that the materials have been destroyed.

## XVII. Right for Further Order of the Court

The foregoing is without prejudice to the right of any Party to apply to the Court for a further protective order relating to any confidential information or for an order permitting disclosure of Confidential Information other than as provided herein. The provisions hereof may also be modified on the Court's own motion.

## XVIII. Inadvertent Disclosures of SSI

Discovery in this case may include the production of documents and use of deposition transcripts screened by the TSA for SSI, as defined by 49 C.F.R. § 1520.5, or documents not screened by the TSA but that constitute or may constitute or may contain SSI. In accordance with 49 C.F.R., the TSA has reviewed (and may review) produced documents and transcripts to redact text that it deems to be SSI. In addition, even absent TSA review, a party may redact text that it reasonably believes to constitute SSI. However, to the extent that a Party inadvertently produces documents, transcripts, video, or other items containing unredacted SSI information in the course of this litigation without the express approval of the TSA, a Party, non-party, or third party receiving such document, transcript, video, or other things—upon the request of the disclosing Party—will

immediately return all originals and copies of the document(s), transcripts, video, or other things containing SSI to the disclosing Party; will delete all electronic versions of the document containing SSI from its computer or other electronic system(s); and will not disclose or discuss in any way the SSI information at any time or use such SSI in judicial, administrative, or other proceedings (except to the extent required under 49 C.F.R. 1520.9 or as otherwise requested by the TSA). Moreover, the Parties agree that, if any document containing unredacted SSI that has been inadvertently produced becomes included in the record, that document may be removed from the record by a motion made under seal and that any response(s), replies, orders, and/or other documents concerning that motion will also be made under seal.

**XIX.  Order Survives Termination**

This Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information or Confidential Attorneys' Eyes Only Information disclosed hereunder.

**ORDER**

IT IS SO ORDERED.

DATED:   June 4, 2008                    /S/
                                         Honorable Carla Woehrle
                                         United States Magistrate Judge

Attachment A

AGREEMENT TO BE BOUND BY THE STIPULATED
PROTECTIVE ORDER

I, _____ (print or type name), in connection with CV 07-2305 FMC (CWx) and CV 07-3879 FMC (CWx), pending in the Central District of California, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered into between and among the parties, which is attached hereto as Exhibit 1, have read the same, and agree to be bound by all of the provisions thereof.

Dated: _____         _____
                                                    Signature


                                      _____
                                                    Print Name