GARY D. FRIEDMAN (*pro hac vice*)
gary.friedman@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8963
Facsimile: (212) 310-8007

PATRICIA H. BENSON (SBN 60565)
phb@msk.com
KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants

SCOTT B. COOPER (SBN 174520)
scott@cooper-firm.com
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 724-9200
Facsimile: (949) 724-9255

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA MERCADO, JOSEFINA GONZALEZ, and PATRICIA STRUTHERS, as individuals and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GATE GOURMET, INC., a Delaware corporation, and GATE SAFE, Inc., a Delaware corporation,<br><br>        Defendants. | Lead Case No. CV07-2305 JHN (CWx) [Consolidated Case No. CV07-3879 JHN (CWx)]<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

The Court has received and considered the proposed Joint Class Action Settlement Agreement among Plaintiffs and Defendants (hereinafter the "Settlement Agreement")[1]; has previously granted preliminary approval of the class settlement that provided for conditional class certification; has been informed by declarations that notice of the settlement has been provided to the Class (as defined below); has held a fairness hearing at which all parties appeared by their Counsel and at which the Class Members were afforded the opportunity to object to the proposed settlement; has received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate and in the best interests of the represented class; and has considered all other arguments and submissions in connection with the proposed settlement.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Settlement Agreement and the terms therein are fair, just, reasonable and adequate as to the settling parties, including the Settlement Class, and is hereby finally approved in all respects. The parties are hereby directed to perform the terms of the Settlement Agreement.

2. The Settlement Class represented herein by Plaintiffs is defined as all current and former non-exempt employees (i.e., employees paid on an hourly basis and eligible to receive overtime compensation) (a) employed by Gate Gourmet within the State of California at any time during the period of March 7, 2003 through October 20, 2010, and (b) employed by Gate Safe within the State of California at any time during the period of June 14, 2003 through October 20, 2010 (the "Class" or "Class Members").

---

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Settlement Agreement.

3.      In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of the Settlement Agreement and the Fairness Hearing, such notice having been carried out in accordance with the Preliminary Approval Order.  The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.  The parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

4.      The Settlement Agreement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the parties had completed extensive fact discovery and had filed briefs in support of and opposing class certification.  Class Counsel and Gate's Counsel are therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

5.      The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and any other applicable laws have been met as to the "Settlement Class" defined above, in that, for settlement purposes:

   a.   The Settlement Class is cohesive and well defined;

   b.   The members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

1    c.    The Court finds that there are one or more questions of
2          fact and/or law common to the Settlement Class,
3          including whether the Settlement is fair;
4    d.    The Court finds that the claims of the Class
5          Representatives are typical of the claims of the members
6          of the Settlement Class;
7    e.    The Class Representatives will fairly and adequately
8          protect the interests of the Settlement Class in that: (i) the
9          interests of Class Representatives and the nature of their
10         alleged claims are consistent with those of the members
11         of the Settlement Class; (ii) there appear to be no
12         conflicts between or among the Class Representatives
13         and the Settlement Class; and (iii) Class Representatives
14         and the members of the Settlement Class are represented
15         by qualified, reputable counsel who are experienced in
16         preparing and prosecuting large, complicated wage-hour
17         class actions; and
18   f.    Questions of law or fact common to the members of the
19         Settlement Class predominate over any questions
20         affecting only individual class members.

21   6.    Based on the findings set out in paragraph 5 above, the Court certifies

22   the Settlement Class, as defined above, for settlement purposes, under Fed. R. Civ.

23   P. 23(b)(3).

24   7.    The Court hereby approves The Cooper Law Firm, P.C., The Carter

25   Law Firm, Jose Garay, APLC, and the Phelps Law Group as Class Counsel for the

26   Settlement Class.  Plaintiffs Bertha Mercado, Josefina Gonzalez, and Patricia

27   Struthers are hereby approved as class representatives for the Settlement Class.

28

8. The proposed Settlement Agreement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Settlement Class and others whom it affects based upon (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; and (7) the range of reasonableness of the Maximum Settlement Consideration.

9. The Final Approval Motion has been GRANTED, and the Settlement Agreement hereby is APPROVED as fair, reasonable, adequate to members of the Settlement Class, and in the public interest. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

10. The application of Class Counsel for costs and attorneys' fees award against Defendants has been GRANTED. Defendants shall pay $875,000 in fees and litigation costs of $38,939.49 to The Cooper Law Firm, P.C., The Carter Law Firm, Jose Garay, APLC, and the Phelps Law Group ("Class Counsel"), with the payment to be made as provided for in the Settlement Agreement incorporated by reference. The Court hereby also awards class representative enhancements of $10,000 each to Bertha Mercado, Josefina Gonzalez, and Patricia Struthers. The class representative enhancement shall be paid in accordance with the terms of the Settlement Agreement. The Class Administrator, Epiq Systems, Inc., shall be paid $62,825 in accordance with the terms of the Settlement Agreement. No other costs and fees relief shall be awarded, either against Defendant or any related persons or entities or from the award to the Class.

11. All Class Members, except those who timely opted out of the settlement, are bound by the instant Final Judgment and Order of Dismissal With Prejudice and by the previously-approved Settlement Agreement. Each Class Member, except those who timely opted out of the settlement, is hereby deemed to

have released Defendants and any related parties, as defined in the Settlement Agreement, from the Released Claims described in the Settlement Agreement. The Class Representatives and all members of the Settlement Class, except those who timely opted out of the settlement, on behalf of themselves and the Settlement Class, and their personal representatives, heirs, executors, administrators, trustees, are forever enjoined from prosecuting any Released Claim, as described in the Settlement Agreement. Notwithstanding the foregoing, no Released Party (as that term is defined in the Settlement Agreement), shall seek any remedy for violation of the foregoing injunction by any member of the Settlement Class other than a Class Representative until at least thirty (30) days after having provided such Settlement Class member with written notice of such injunction and demand to desist from any conduct in violation thereof.

12. The Settlement Agreement is not, and shall not be construed to be, an admission of wrongdoing by Gate, and this Court makes no such finding or determination. Neither the Settlement Agreement nor any of the proceedings in connection therewith shall be offered or received in evidence for any purpose, except that Gate may submit this Final Order and Judgment to the extent Gate believes it supports a claim of res judicata, collateral estoppel, release or any theory of claim or issue preclusion, or it may submit this Final Order and Judgment in any action to enforce the injunctive provisions of paragraph 11. This action is hereby dismissed on the merits with prejudice. The Court shall retain jurisdiction of this action for the purpose of resolving any disputes that may arise as to the implementation of the monetary relief terms of the Settlement Agreement.

**SO ORDERED.**

DATED: April 27, 2011

_____
Honorable Jacqueline H. Nguyen
United States District Judge